MATOS, PLAINTIFF AND APPELLEE, v. QUIDGLEY, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in an Action
for Divorce.

No. 2490.—Decided May 9, 1922.

DIVORCE—CRUEL TREATMENT—PLEADING—COMPLAINT.—Although in a complaint
in an action for divorce on the ground of cruel treatment no mention is
made of the dates on which the different acts constituting the cause of action
were committed, as this is rather a question of evidence it can not be said
that the complaint is insufficient, especially when the answer alleges no acts
of reconciliation at any time; and the allegation of such acts for the first
time on appeal will not be considered by the Supreme Court.

The facts are stated in the opinion.
*Mr. J. Soto Rivera* for the appellant.
*Mr. S. Sánchez Vahamonde* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

This is an action for divorce brought up from the District Court of San Juan, Section 1.

The grounds for divorce alleged in the complaint are cruel
treatment, grave injury and adultery.

In the complaint the facts are narrated and it is alleged
that, displaying an irascible disposition, the defendant offended the plaintiff by using the vulgar and obscene language
which is quoted in the complaint, accompanying her words
by acts of violence and blows and disregarding her conjugal
obligations by committing acts contrary to marital fidelity.

In her answer the defendant denied these allegations and
set up as a defense that since the year 1918 the plaintiff
has been living in concubinage with another woman and that
the defendant has been cruelly treated by the plaintiff both
by words and deeds.

After a trial of the case the district court sustained the
complaint and consequently decreed the dissolution of the

marital bonds between Francisco Matos Conde and María Quidgley García, imposing the costs upon the defendant.

From that judgment the present appeal was taken. A transcript of the record was brought up and both parties filed briefs.

The appellant assigns the commission of two errors by the court below and alleges (*a*) that the complaint does not state facts sufficient to constitute a cause of action and (*b*) that the evidence is not sufficient to justify the court in finding that the material allegations of the complaint were proved. In other words, that the trial court erred in sustaining the complaint as sufficient and also in finding that its allegations were supported by the evidence.

In support of the first assignment the appellant alleges that even admitting the allegations of cruel treatment and grave injury and that these acts were continuous during 1910 and 1911, the complaint does not specify when the latest quarrels referred to took place, and in the absence of a specific allegation of the dates when the latest quarrels took place the complaint is fatally defective, inasmuch as the prior acts were condoned by the husband who continued to live in the home with his wife.

The appellant apparently contends that the plaintiff should have specified the dates on which the acts charged in the complaint as constituting the causes of action for divorce were committed, and mentions in her brief acts that imply the reconciliation of the parties. In the answer to the complaint there is absolutely no reference to acts of reconciliation between the parties, nor were they set up as a defense. As the matter of reconciliation is raised for the first time on appeal, this court can not consider it, and as to the specification of the dates of the acts alleged as causes for divorce, apart from the fact that it is alleged in the complaint that the acts took place after the first four or five years of matri-

monial life, it is not indispensable to specify the particular date of each act, which is rather a matter of evidence; and, furthermore, in this particular case no reference is made in the answer to acts of reconciliation which would undoubtedly be important and pertinent if they had taken place subsequent to the acts alleged as grounds for divorce.

The second assignment of error made by the appellant is likewise untenable. There is nothing in the evidence examined to justify our interference in the weighing of it. Both parties testified at the trial. The plaintiff's testimony is a reproduction of the allegations of the complaint and is supported and corroborated by the testimony of his witnesses. The circumstantial evidence with regard to the acts of infidelity committed by the defendant is such that it of itself would be sufficient to warrant a decree of divorce, and this act of infidelity was the culmination of former acts which would imply cruel treatment and grave injury as other independent grounds for obtaining the same relief.

The testimony of the defendant, especially with regard to her allegation that the plaintiff publicly kept a mistress, is not corroborated by any other evidence.

We have been unable to find anything alien to the evidence which implies passion, partiality or other like motive that directly or indirectly may have influenced the trial judge in weighing the evidence; therefore, we must accept his correct conclusion in sustaining the action for divorce.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.